UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHANTAL NEHORAI,

                        Plaintiff,              **MEMORANDUM and ORDER**

       — against —                       08-CV-920 (SLT)(LB)

UNITED STATES DEPARTMENT OF
EDUCATION DIRECT LOAN,

                      Defendant.
----------------------------------------------------------X
**TOWNES, United States District Judge:**

      Plaintiff, Shantal Nehorai, commenced this *pro se* action against the United States Department of Education's Direct Loan Program. By Memorandum and Order, dated March 20, 2008, this Court granted plaintiff's request to proceed *in forma pauperis*, but dismissed the complaint for failure to state a claim. The Court directed plaintiff to file an amended complaint within 30 days, and on March 28, 2008, she filed a letter apparently meant to serve as an amended complaint. As set forth below, although the letter includes new details about plaintiff's student loan and her personal and financial circumstances, it fails to state a claim on which relief may be granted. Accordingly, the action is dismissed.

## *DISCUSSION*

      Plaintiff's original complaint sought discharge of a federally subsidized student loan, on the ground that unspecified persons at the United States Department of Education misled her about her eligibility for student financial aid. The complaint failed to identify or allege facts relating to a violation of any federal law. However, in light of plaintiff's *pro se* status, the Court considered whether plaintiff's allegations could assert a claim under Title IV of the Higher Education Act of 1965 ("HEA"), as amended 20 U.S.C. § 1070, *et seq*. The HEA does not

permit a private right of action for student borrowers, but rather, permits the Secretary of Education to discharge a loan guaranteed by the Department of Education. *See Moy v. Adelphi Institute, Inc.*, 866 F. Supp. 696, 704 (E.D.N.Y. 1994); *see also McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1221 (11th Cir. 2002) ("nearly every court to consider the issue in the last twenty-five years has determined that there is no express or implied private right of action to enforce any of the HEA's provisions."); *Labickas v. Arkansas State University*, 78 F.3d 333, 334 (8th Cir. 1996) (finding that the HEA reserves all enforcement activity to the Secretary of Education) (citing 20 U.S.C. §§ 1070(b), 1082(a)(2), 1082(h)).

As a result, the Court directed plaintiff to indicate in her amended complaint whether she had followed the administrative remedies set out in the Code of Federal Regulations ("CFR") for seeking the discharge of a student loan by the Secretary of Education.[1] If plaintiff has properly sought such a discharge and is now dissatisfied with a decision made by the Secretary of Education, she would then be entitled to challenge the Secretary's decision by filing a claim for judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq*.

Plaintiff's letter, which the Court will treat as an amended complaint for purposes of this Order, does not comply with the Court's directives, and is insufficient to state a claim under the APA. The letter does not indicate any steps plaintiff has taken to seek the discharge of her student loan, let alone any measures she took to have the Secretary consider her dispute in

---

[1] As the Court noted in its prior Memorandum and Order, the administrative procedures are outlined in 34 C.F.R. § 682.402(e). "A borrower seeking discharge of a federal student loan must submit a written request and a sworn statement to the holder of the loan. The holder of the loan forwards the request to a guaranty agency that decides whether the request for discharge should be granted. 34 C.F.R. § 682.402(e) (3), (e)(7). If the agency denies the request for discharge, a borrower may appeal directly to the Secretary. *See* 34 C.F.R. § 682.402(e)(7)(iii)(B)(2)." *Haddad v. Dominican University*, No. 06 C 506, 2007 WL 809685, at *3 (N.D.Ill. Mar. 15, 2007); *see also Gill v. Paige*, 226 F. Supp. 2d 366, 369 (E.D.N.Y. 2002).

accordance with the procedures detailed in the CFR. Thus, given the absence of any basis for federal subject matter jurisdiction over plaintiff's claims, the action must be dismissed. *See Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) ("If subject matter jurisdiction is lacking, the action must be dismissed.").

## *CONCLUSION*

For the reasons set forth above, the complaint is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 14, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge